# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO.: 1:16-CR-12-TLS |
| | ) | |
| ANTONIO CORTEZ HARRIS | ) | |

## ORDER

On February 9, 2016, two Fort Wayne Police Department officers responded to a dispatch for a party armed at a particular address in Fort Wayne. This led to the arrest and search of Antonio Cortez Harris, who was carrying a handgun and drugs. On March 23, 2016, a grand jury indicted the Defendant for possession of heroin with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. On June 17, 2016, the Defendant filed a Motion to Suppress Evidence [ECF No. 19], alleging that the search and seizure conducted on February 9, 2016, was unlawful. Upon referral from this Court, Magistrate Judge Susan L. Collins held an evidentiary hearing on August 11, 2016, received post-hearing briefing, and issued a Report and Recommendation [ECF No. 33], recommending that the Court deny the Defendant's Motion to Suppress Evidence.

Under 28 U.S.C. § 636(b)(1)(A)–(B), a magistrate judge does not have authority to issue a final order on a motion to suppress evidence in a criminal case. Instead, the magistrate judge submits proposed findings of fact and recommendations to the district court. If a party files a timely objection to the magistrate judge's report and recommendation, § 636(b)(1) provides that

> the district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The court may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge also may receive further evidence or recommit the matter to the magistrate judge with instructions.

The time for filing objections to the Report and Recommendation has passed, and no objections

have been filed. Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Officer Ron Partridge testified at the evidentiary hearing. The Magistrate Judge found his uncontested testimony to be entirely credible, and neither party has objected to this assessment or to the Magistrate Judge's characterization of the testimony. The Court adopts the Magistrate Judge's findings of fact regarding the events of February 9, 2016. Finding no clear error, the Court also adopts, in full, the Magistrate Judge's detailed analysis of the law that is applicable to 911 emergency calls by an eyewitness, and the conclusion that the caller's information, in this case, gave the officers the necessary reasonable suspicion to stop the Defendant. Therefore, the Court adopts the recommendation to deny the Motion to Suppress Evidence on grounds that the officers did not violate the Defendant's Fourth Amendment rights, either during the investigatory stop or the resulting protective pat-down, as both were conducted within the parameters of *Terry v. Ohio*, 392 U.S. 1 (1968).

## CONCLUSION

For the reasons stated above, the Court ADOPTS the Report and Recommendation [ECF No. 33], and DENIES the Motion to Suppress Evidence [ECF No. 19] for the reasons set forth by the Magistrate Judge. A separate scheduling order will be issued.

SO ORDERED on January 11, 2017.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT